IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY DALE ALVERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-16-ECM-KFP |
| | ) | |
| STEVE MUNCHIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Plaintiff, an inmate at the Bullock County Correctional Facility who filed this action pro se, alleges that his civil rights violations against Defendants because he has not received stimulus relief money under the CARES Act. He has filed two Motions for Preliminary Injunction. Docs. 7 and 8. Upon consideration of the motions, the undersigned recommends that the requests for preliminary injunction be DENIED.

A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion as to all prerequisites. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (stating that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (recognizing that granting a preliminary injunction "is the exception rather than the rule" and that movant must clearly carry the burden of persuasion). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur if the injunction is not granted; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). A movant must clearly establish the burden of persuasion as to the four requisites. *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citing *All Care Nursing,* 887 F.2d at 1537 (quotation marks omitted)). Failure to show any of the four factors is fatal. *Id*.; *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (stating that moving party's failure to demonstrate a substantial likelihood of success on the merits will defeat the party's claim, regardless of the ability to establish the other elements); *Siegel,* 234 F.3d at 1176 (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

This single most important requirement for an injunction is irreparable injury. *Westin v. McDaniel*, 760 F. Supp. 1563, 1569 (M.D. Ga.), *aff'd,* 949 F.2d 1163 (11th Cir. 1991). To establish this element, a plaintiff must show that he has no adequate remedy at law, meaning that the injury must be actual and imminent, not remote and speculative, and requires a remedy of more than money damages. *Id*. In Plaintiff's first motion, he seeks an injunction ordering the IRS's employees to reply to any inmate letters they receive. Doc. 7 at 1. To support this request, he states that inmates do not have access to the internet or telephone and that letters are the only way incarcerated persons may communicate with the

IRS about their CARES Act stimulus relief money. *Id*. at 1–2. This statement fails to establish an actual and imminent injury that cannot be remedied by money damages, as evidenced by the fact that Plaintiff was able to file this lawsuit in an attempt to obtain the money to which says he is entitled. In the second motion, Plaintiff asks the Court to require the IRS to pay him the CARES Act stimulus money he seeks in the Complaint. Doc. 9 at 1. It goes without saying that Plaintiff's request for money is proof that his alleged injuries can be remedied by money damages, which prevents him from establishing the element of irreparable injury. Because a failure to satisfy one of the required elements defeats a motion for preliminary injunction, a preliminary injunction is not warranted.

 Accordingly, the Magistrate Judge RECOMMENDS that the Motions for Preliminary Injunction (Docs. 7 and 8) be DENIED and that this case be referred back to the undersigned for additional proceedings. It is further

ORDERED that on or before **May 10, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of April, 2021.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE