IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY DALE ALVERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:21-CV-16-ECM-KFP ) |
| STEVE MUNCHIN, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an Alabama state prison inmate at the Bullock County Correctional Facility. Doc. 6 at 1. In his Amended Complaint, he alleges Defendants failed to issue him an advance refund of tax credits (more commonly known as economic impact payments or EIPs) under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). After amending the Complaint, he filed a Motion for Change of Venue (Doc. 9), asking that the case be transferred to the appropriate court if venue is not proper in this court. Defendant United States of America then filed a Motion to Dismiss or in the Alternative to Transfer Venue.[1] Doc. 26. Upon consideration of the United States' Motion to Dismiss, the

---

[1] The Complaint names Steven Mnuchin, former Secretary of the United States Treasury, Charles Rettig, Commissioner of the IRS, and Janet Yellen, Secretary of the United States Treasury, as Defendants. Plaintiff does not state whether he is suing these Defendants in their official or individual capacities, but the Complaint alleges no specific actions taken by these individuals. In an official capacity lawsuit, "the relief sought is only nominally against the official and in fact is against the official's office." *Attwood v. Clemons*, No. 1:18-CV-38-MW/MJF, 2021 WL 1020449, at *3 (N.D. Fla. Mar. 17, 2021) (citation omitted). An official capacity suit targets not the personal behavior of an official but his enforcement of or carrying out a government policy. *Attwood v. Clemons*, 818 F. App'x 863, 871 (11th Cir. 2020) (Grant., J., concurring). If the suit is successful, "both the current officeholder and any future officeholder will be barred from carrying out whatever policy is at issue." *Id*. Because Alverson's Complaint targets the government policies and procedures related to processing EIP claims under the CARES Act, not the personal behavior of the Defendants, the undersigned construes the Complaint to assert claims against the

undersigned RECOMMENDS that this case be DISMISSED and that the remaining motions be DENIED as moot.

I.  **STANDARD OF REVIEW**

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice, *Iqbal*, 556 U.S. at 678.

While pro se pleadings are liberally construed and held to a lesser standard than those prepared by attorneys, pro se litigants must still comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A court's leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x

---

Defendants in their official capacities only. Therefore, the proper Defendant in this case is the United States of America. *See Meyer v. Mnuchin*, No. 5:21-CV-05003-KES, 2021 WL 3473241, at *1 (D.S.D. Aug. 6, 2021) (in case where inmate sued Steve Mnuchin for CARES Act funds, ruling that complaint alleged acts taken in official capacity and that proper defendant was United States) (citing *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) ("[A]n official capacity suit is tantamount to a claim against the government entity itself.") (internal quotations omitted) and *Zinda v. Johnson*, 463 F. Supp. 2d 45, 48 (D.D.C. 2006) ("[S]uits for tax refunds or for damages should be brought against the United States")).

635, 637 (11th Cir. 2015) (recognizing "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted)). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1).

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). The court must ask whether there are allegations that are no more than conclusions. Claims that fall into this category are discarded. The court next considers whether there are any remaining factual allegations which, if true, could plausibly give rise to a claim for relief. If there are none, the complaint will be dismissed. *Twombly*, 550 U.S. at 570.

## II.   PLAINTIFF'S COMPLAINT

In October 2020, Plaintiff completed and mailed a 1040 form to claim his stimulus relief under the CARES Act for the 2020 tax year. Doc. 6 at 2–3. He then completed a duplicate 1040 form and mailed it to a different IRS address before November 4, 2020, the deadline to file for stimulus relief. *Id*. at 3. Plaintiff had no way to claim the tax credit online and no money to pay someone to file online for him. *Id*. at 3–4. By December 2020, inmates who filed online began receiving their stimulus checks, but Plaintiff, who mailed

his form, did not receive a check. *Id*. at 4. To his knowledge, no inmate who mailed his form received a stimulus check. *Id*.

When he paid someone to check his status online, it indicated "not enough information or not eligible." *Id*. He sent four letters to the IRS regarding the status of his stimulus check but received no response. *Id*. He later spoke by telephone to an IRS representative, who informed him that his 1040 form had arrived after the November 4 deadline and that he was ineligible to receive CARES Act stimulus checks because of his incarceration. *Id*. at 4–5. Plaintiff then filed this lawsuit alleging the failure to process his 1040 application, the determination he was ineligible because of his incarceration, and the refusal to respond to his written requests violated his First, Fourth, Eighth, and Fourteenth Amendment rights and constituted discrimination because he did not have the ability to file his application online. *Id*. at 6. He seeks an order compelling payment of CARES Act EIPs in the amounts of $1200 and $600, plus $1000 for mental anguish[2] and the cost of filing this suit. *Id*. at 7.

## III.    BACKGROUND

As has been repeated in almost every district court order reviewing inmate cases seeking CARES Act payments, the underlying issue central to Plaintiffs' Complaint was

---

[2] Plaintiff filed a motion to amend his damages request to include damages for $3200 for mental anguish and emotional damage. Doc. 14 at 1. The request was based on his receipt of a $1400 stimulus check in April 2021, which was allegedly taken by the ADOC legal division for court costs, fines, and other fees. *Id*. at 1–2. He claims inmates who received stimulus money by direct deposit were not subject to ADOC's withholdings because ADOC does not have access to the inmate bank accounts. *Id*. at 3. The Court granted Plaintiff's motion and ordered him to file an amended complaint by May 7, 2021, but he failed to do so. Therefore, the operative complaint before the Court is the Amended Complaint filed on January 28, 2021. Doc. 6.

summarized in *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. 2020) (*Scholl II*), as follows:

> The CARES Act, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). For purposes of the Act, an eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d). The EIP is an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. Paragraph (1) of subsection (f) provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." § 6428(f)(1).
>
> Paragraph (3) of subsection (f) requires the IRS to "refund or credit any overpayment attributable to this section as rapidly as possible." § 6428(f)(3). Additionally, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." *Id.* The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit then the amount of the credit is reduced by the aggregate amount of the refund. § 6428(e).
>
> Three days after the President signed the CARES Act, the IRS issued a news release explaining that the agency would calculate and automatically issue an EIP to eligible individuals. Declaration of Yaman Salahi ("Salahi Decl."), Dkt. 55, Ex. 1 at 1. Though not required to do so by the Act, the IRS established an online portal for individuals who are not typically required to file federal income tax returns (e.g., because an individual's income is less than $12,200), which allows those non-filers to enter their information to receive an EIP. *Id.*, Ex. 2. Individuals who use the non-filer online portal have until October 15, 2020 to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act. *Id.*, Ex. 3.
>
> On May 6, 2020, the IRS published responses to "Frequently Asked Questions" ("FAQ") on the IRS.gov website. *Id.*, Ex. 4. Question 15 asked "Does someone who is incarcerated qualify for the Payment [i.e., an EIP]?" The IRS responded:

5

> A15. No. A Payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments. A person is incarcerated if he or she is described in one or more of clauses (i) through (v) of Section 202(x)(1)(A) of the Social Security Act (42 U.S.C. § 402 (x)(1)(A)(i) through (v)). For a Payment made with respect to a joint return where only one spouse is incarcerated, you only need to return the portion of the Payment made on account of the incarcerated spouse. This amount will be $1,200 unless adjusted gross income exceeded $150,000.

*Vaughan v. U.S. Dep't of Treasury*, No. 21-CV-05674-PJH, 2021 WL 3373280, at *1–2 (N.D. Cal. Aug. 3, 2021) (quoting *Scholl II*, 494 F. Supp. 3d at 670–71). In *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1047 (N.D. Cal. 2020), *appeal dismissed,* No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020) (*Scholl I*), the court had provisionally certified a class of all United States citizens and legal permanent residents who met the following requirements:

>   (a)   are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
>   (b)   filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
>   (c)   were not claimed as a dependent on another person's tax return; and
>
>   (d)   filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Id*. at 1047. The *Scholl II* court granted final certification to the above class and entered an order declaring that the CARES Act did not authorize withholding advance refunds or credits from class members solely because they were incarcerated and declaring the policy of making persons who were incarcerated in 2020 ineligible for advance refunds to be arbitrary, capricious, and not in accordance with the law. *Scholl II*, 494 F. Supp. 3d at 692. However, the *Scholl II* court took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments," noting that it was for the IRS "to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." *Id*. at 691.

**IV.   DISCUSSION**

Plaintiff states he is suing Defendants under 42 U.S.C. § 1983 for constitutional violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. However, he seeks an order compelling payment of the CARES Act stimulus checks, and the actions described in the Complaint include only the failure to process his 1040 application, a determination that he is ineligible because of his incarceration, and a failure by the IRS to respond to his written requests for information. With pro se litigants, a court must look beyond labels in the complaint:

> Federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework." *See Gooden v. United States,* 627 F.3d 846, 847 (11th Cir. 2010) (quotation marks and citation omitted). The Supreme Court has noted that the purpose for looking beyond the label a *pro se* litigant attaches to a [pleading] is "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of

7

a *pro se* [pleading]'s claim and its underlying legal basis." *Castro v. United States,* 540 U.S. 375, 381–82, 124 S.Ct. 786, 791–92, 157 L.Ed.2d 778 (2003) (citations omitted). We liberally construe *pro se* briefs. *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir. 2008).

*Cruitt v. Alabama*, 647 F. App'x 909 (11th Cir. 2016). Here, despite the labels assigned to his claims, Plaintiff describes no conduct related to his freedoms of religion, speech, press, or to peaceable assembly under the First Amendment; no conduct related to a search or seizure under the Fourth Amendment; no conduct related to excessive bail or cruel and unusual punishment under the Eighth Amendment; and no conduct related to a denial of due process under the Fifth or Fourteenth Amendments. The only allegation that could be construed as a grievance about equal protection is the assertion that some inmates have access to the internet and claimed their EIPs online, while Alverson had to mail his form to the IRS. However, the Court can find no support for the contention that a lack of internet access to file a tax refund in prison constitutes a denial of Plaintiff's constitutional right to equal protection. Moreover, Plaintiff specifically cites *Scholl I* to support his claim for relief, arguing that the *Scholl* court ordered the IRS to stop denying CARES Act EIPs to anyone solely because they are incarcerated. Doc. 6 at 2–3. For these reasons, looking beyond the labels in the Complaint and analyzing Plaintiff's claims and the remedies he seeks, the Court construes the Complaint as a request to intervene in his attempt to obtain EIPs pursuant to the CARES Act and the *Scholl* ruling.[3]

---

[3] Additionally, not only does Plaintiff fail to include any allegations related to his constitutional rights under the cited amendments, but § 1983 claims apply to state actors; constitutional claims against federal actors are properly brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Wood v. Kesler*, 323 F.3d 872, 882 n.16 (11th Cir. 2003) (stating that § 1983 applies to state actors while *Bivens* claims apply to federal actors). As mentioned above, Plaintiff has sued Defendants for conduct taken in their official capacities, and *Bivens* claims against federal officers in the official

The United States asserts that Alverson is a member of the *Scholl* class, and the Court agrees. *See Vaughan*, 2021 WL 3373280, at *3 (finding incarcerated plaintiff seeking CARES Act EIP to be part of *Scholl* class); *Meyer*, 2021 WL 3473241, at *1 (holding that incarcerated plaintiff seeking to compel United States to issue EIPs to incarcerated individuals was member of *Scholl* class); *Phelps v. Mnuchin*, No. 3:21-CV-327-JD-MGG, 2021 WL 2138506, at *3 (N.D. Ind. May 26, 2021) (finding incarcerated plaintiff who submitted claim for CARES Act EIPs but did not receive them to be member of *Scholl* class); *Escamilla v. Dep't of Treasury*, No. 21-CV-03994-PJH, 2021 WL 2805540, at *3 (N.D. Cal. July 6, 2021) (same). As a member of the *Scholl* class, Alverson is not entitled to individual relief. *Meyer*, 2021 WL 3473241, at *3 (noting that there have been numerous district court cases like this since the CARES Act EIP deadline and that those cases "universally ruled that a member of the *Scholl* class is not entitled to a separate cause of action") (citations omitted). Finally, as set forth above, the deadline for IRS to issue EIP refunds or credits was December 31, 2020. *Phelps*, 2021 WL 2138506, at *3 n.2. That deadline has passed, and the IRS is no longer able to distribute funds under the CARES Act. *Id.*; *Meyer* 2021 WL 3473241, at *3–4 (stating that *Scholl II* ruled the IRS, not the court, was responsible for making determinations on eligibility and that no additional funds could be issued because the applicable deadline has passed); *see also Vaughan* and *Escamilla, supra; Johnson v. Internal Revenue Serv.*, No. 21-CV-05269-PJH, 2021 WL

---

capacity are barred by sovereign immunity. *Alba*, 517 F.3d at 1254 (citations omitted); *see also Solliday v. Fed. Officers*, 413 F. App'x 206, 209–210 (11th Cir. 2011) (citing *Corr. Sevs. Corp. v. Malesko,* 534 U.S. 61, 71 (2001) (noting that *Bivens* is only concerned with deterring the unconstitutional acts of individual officers)).

3291850, at *1 (N.D. Cal. Aug. 2, 2021); *Cochran v. Internal Revenue Serv.*, No. 21-CV-05627-PJH, 2021 WL 3291857, at *3 (N.D. Cal. Aug. 2, 2021); *Walters v. Mnunchin*, No. 3:21-CV-275-JD-MGG, 2021 WL 2105387 (N.D. Ind. May 25, 2021); *McCreary v. I.R.S.*, No. 21-CV-04797-PJH, 2021 WL 2936729 (N.D. Cal. July 13, 2021); *Wheat v. Mnuchin*, No. 2:21-CV-5 ACL, 2021 WL 1751299 (E.D. Mo. May 4, 2021); and *Scott v. Yellen*, No. 21-CV-01519-PJH, 2021 WL 981236 (N.D. Cal. Mar. 16, 2021). In granting the United States' motion to dismiss, the *Meyer* court stated:

> Both courts in *Phelps* and *Escamilla* came to the same conclusion as this court does in regard to the relief being sought. *Phelps*, 2021 WL 2138506 at *3; *Escamilla*, 2021 WL 2805540 at *3. In those cases, and in this case, the plaintiff asked the court to compel the IRS to provide EIPs pursuant to the *Scholl* ruling or the CARES Act. *Phelps*, 2021 WL 2138506 at *3; *Escamilla*, 2021 WL 2805540 at *3; Docket 1. Although the court in *Scholl* found that EIPs could not be denied solely because of an individual's incarcerated status, the court took no position on specific individual payments owed. *Scholl II*, 494 F. Supp. 3d at 691. Instead, *Scholl* said the responsibility fell to the "IRS, not the court, to make determinations on whether an individual is eligible and 'meets the various criteria delineated in the Act.'" *Phelps*, 2021 WL 2138506 at *3 (*quoting Scholl II*). In both *Phelps* and *Escamilla*, the court found the plaintiffs were not entitled to relief because the deadline imposed by the CARES Act had passed. *Phelps*, 2021 WL 2138506 at *4; *Escamilla*, 2021 WL 2805540 at *3. Meyer is in the same position as the plaintiffs in *Phelps* and *Escamilla* and is not entitled to the relief he seeks in this case.

*Meyer*, 2021 WL 3473241, at *4; *see also Phelps*, 2021 WL 2138506, at *4 (dismissing case based on *Scholl* but also finding no suggestion of a private cause of action under the CARES Act and stating that "[i]t is not this Court's function to raise up a cause of action where a statute has not created one") (citation omitted). Here, Alverson is in the same position as the plaintiffs in *Meyer* and the other cases cited above. He asks the Court to compel the IRS to provide EIPs pursuant to *Scholl* and the CARES Act, but he is already

10

a member of the *Scholl* class and not entitled to individual relief, the IRS bears the responsibility of determining eligibility for those payments, and the CARES Act deadline for the IRS to distribute funds has passed. Accordingly, Alverson is not entitled to the relief he seeks in this lawsuit.[4]

## V.  CONCLUSION

For the above reasons, the undersigned RECOMMENDS that this case be dismissed and that all remaining motions be DENIED as moot.

Further, it is ORDERED that by **September 8, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

---

[4] Defendant points out that Alverson is not barred from obtaining CARES Act funds owed to him. Although not an *advance* payment, Alverson could claim the recovery rebate credit on his 2020 federal income tax return. Doc. 26 at 8.

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of August, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE